# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

---

OFFICE OF THE CLERK
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201-2431
www.scd.uscourts.gov

ROBIN L. BLUME
CLERK OF COURT

TELEPHONE
803.765.5789
FAX 803.765.5469

December 14, 2021

Svend Hewitt Deal
Deal Law Firm PLLC
250 Mondamin Road
Zirconia, NC 28790

RE: State Farm Fire and Casualty Insurance Company v. Duke Energy Progress LLC
4:17-00685-AMQ

Dear Mr. Deal:

I have been contacted by Judge A. Marvin Quattlebaum, Jr. who presided over the above-mentioned case. Judge Quattlebaum informed me that it has been brought to his attention that while he presided over this case, he owned stock in Duke Energy. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Quattlebaum directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Quattlebaum's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before December 27, 2021. Any response will be considered by another judge of this court without the participation of Judge Quattlebaum.

Sincerely,

/s/ Robin L. Blume
Clerk of Court

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

OFFICE OF THE CLERK
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201-2431
www.scd.uscourts.gov

ROBIN L. BLUME
CLERK OF COURT

TELEPHONE
803.765.5789
FAX 803.765.5469

December 14, 2021

Zachary Van Renegar
Cozen and O'Connor
One Wachovia Center
301 S College Street
Suite 2100
Charlotte, NC 28202

RE:   State Farm Fire and Casualty Insurance Company v. Duke Energy Progress LLC
      4:17-00685-AMQ

Dear Mr. Renegar:

I have been contacted by Judge A. Marvin Quattlebaum, Jr. who presided over the above-mentioned case. Judge Quattlebaum informed me that it has been brought to his attention that while he presided over this case, he owned stock in Duke Energy. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Quattlebaum directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Quattlebaum's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before December 27, 2021. Any response will be considered by another judge of this court without the participation of Judge Quattlebaum.

Sincerely,

/s/ Robin L. Blume
Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

OFFICE OF THE CLERK
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201-2431
www.scd.uscourts.gov

ROBIN L. BLUME
CLERK OF COURT

TELEPHONE
803.765.5789
FAX 803.765.5469

December 14, 2021

Bonnie A. Lynch
Joshua D. Spencer
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602

RE:   State Farm Fire and Casualty Insurance Company v. Duke Energy Progress LLC
      4:17-00685-AMQ

Dear Ms. Lynch and Mr. Spencer:

I have been contacted by Judge A. Marvin Quattlebaum, Jr. who presided over the above-mentioned case. Judge Quattlebaum informed me that it has been brought to his attention that while he presided over this case, he owned stock in Duke Energy. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Quattlebaum directed that I notify the parties of the conflict.

Advisory Opinion 71 from the Judicial Conference Codes of Conduct Committee provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Quattlebaum's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before December 27, 2021. Any response will be considered by another judge of this court without the participation of Judge Quattlebaum.

Sincerely,

/s/ Robin L. Blume
Clerk of Court